Johnson, J.
delivered the opinion of the Court.
There is no question that by the common law, the arrest of the body of the defendant on a capias ad satisfaciendum, was a satisfaction of the judgment: but the Legislature was competent to alter it. The prison bounds act expressly provides, that, if the defendant break the condition of his bond, to keep the prison limits, and render a schedule of his whole estate, or so much thereof as will satisfy the debt to the plaintiff, he shall no longer be intitled to the bounds; but that his bond shall be forfeited, and assigned to the plaintiff: thus giving to the plaintiff, in the language of the Court, in Miller v. Bagwell, 3 M‘C. 429, the double security of the body of the defendant, and the liability of his security for the bounds. The motion to reverse the decision of the Circuit Judge must therefore be refused.